**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Everett R. Austin, II
Nancy Austin

     v.                           Civil No. 09-cv-22-JM

Maryland Casualty Company

**O R D E R**

    Defendant seeks leave to file a third party complaint.
Plaintiff objects.  For the reasons set forth below, the motion
is denied.

**Background**

    Everett Austin, II, was injured in a motor vehicle accident
which he alleges was caused by the negligent operation of a motor
vehicle driven by Catherine Manthey.  Ms. Manthey's liability
policy is limited to $100,000.  The policy has been tendered by
her carrier but the claim has not been settled, presumably
because defendant has not authorized plaintiff to accept it and
release Manthey.  Plaintiffs notified defendant of their claim
for under-insured motorist benefits and have instituted this
action for those benefits.

    The plaintiffs' action is a contract action.  Plaintiffs are

New Hampshire residents.  Defendant is incorporated in Maryland
with a principal place of business in Illinois.  The requested
third-party defendant is a New Hampshire resident.

### **Discussion**

Because the defendants did not serve their third-party
complaint within ten (10) days of their answer, they must obtain
leave of court to proceed.  See Fed. R. Civ. P. 14(a).  The
decision as to whether to allow impleader "is left to the
informed discretion of the district court, which should allow
impleader on any colorable claim of derivative liability that
will not unduly delay or otherwise prejudice the ongoing
proceedings."  Lehman v. Revolution Portfolio L.L.C., 166 F.3d
389, 393 (1st Cir. 1999) (citations omitted).

    1.   Contribution Count

N.H. RSA 507:7-e has no application to this case and
the count makes no sense.  Defendant's liability to plaintiff is
one hundred percent of the purported third party's liability.
There is no apportionment.  The claim is futile and is not
allowed.

    2.   Subrogation Count

Clearly, the claim by defendant against the proposed

third-party defendant is against "a nonparty who is or may be liable to it for all . . . of the claim against it." Fed. R. Civ. P. 14(a). Put another way, it is clear that but for the negligence of the proposed third-party defendant, defendant would have no liability to plaintiff. New Hampshire statutes specifically provide for the right of subrogation. N.H. RSA 164:15(IV). Further, "the fact that a third-party complaint may be based on a different legal theory from the underlying case . . . does not bar impleader." 3 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 14.04(2) (3rd ed. 2008).

The central issues in both the plaintiffs' claim and the defendant's third-party claim are: (1) the third-party's negligence; (2) any comparative negligence by plaintiff; and (3) damages. Trying the claims together avoids the risk of inconsistent verdicts and results in more efficient utilization of judicial resources and the resources of the parties. Furthermore, with the trial date nine (9) months away, the two-month delay in filing the third-party claim is not an undue delay.

"Of course the court must be sensitive to the possibility of prejudice to the original plaintiff . . . that may result from permitting the assertion of the third-party claim." Charles A.

Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure: Civil 2d</u> § 1443 (1990).  Plaintiff's concern is that the jury will know that the third-party defendant is under-insured and will hold down any award of damages out of sympathy or bias for her.  Plaintiff's claim is well founded under New Hampshire law.

New Hampshire has long recognized that a party's lack of automobile liability insurance is, in effect, an impermissible plea of poverty.  The New Hampshire Supreme Court found that it may be "used . . . to create sympathy for the uninsured defendant."  <u>Piechuck v. Magusiak</u>, 82 N.H. 429, 431 (1926).  Experienced trial lawyers and judges recognize the considerable risk of such prejudicial sympathy and know that instructions to the jury to try to avoid such sympathy prejudice would only call greater attention to the third party's situation.

New Hampshire is not alone in precluding pleas of poverty.  In <u>Goldstein v. Gontarz</u>, 364 Mass. 800, 809 (1974), the court ruled that a plea of poverty is "not only irrelevant but prejudicial in that they might influence jurors toward giving defendants compassionate but strictly unmerited relief from personal liability."  <u>See</u> <u>also</u> <u>King v. Starr</u>, 43 Wash. 2d 115,

119-121, 260 P.2d 351 (1953); <u>Socony Vacuum Oil Co. v. Marvin</u>, 313 Mich. 528, 538-540, 21 N.W. 2d. 841 (1946); Charles T. McCormick, <u>Evidence</u> (2d ed.) § 201 at 481-82 (1972); John Alan Appleman, <u>Insurance Law and Practice</u>, § 12838 (1962).

Defendant can proceed at the appropriate time by separate suit.  The potential prejudice to it is slight in comparison.

I find that the risk of prejudice to plaintiff is so great that it outweighs all other factors.  Consequently, the motion (document no. 13) is denied.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date: May 26, 2009

cc:  Jeffrey B. Osburn, Esq.
     David S.V. Shirley, Esq.
     Andrew Ranks, Esq.
     Mark W. Shaughnessy, Esq.
     Andrew D. Dunn, Esq.